SUMMARY ORDER
Plaintiff-Appellant Michael Hammond appeals from the decision of the United States District Court for the Eastern District of New York (Spatt, J.), entered May 15, 2009, granting summary judgment to Defendants-Appellees Keyspan Energy and National Grid (“Keyspan”). On appeal, Hammond argues that the District Court erred in finding that the summary judgment evidence could not support a claim under the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101 et seq. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of the issues on appeal.
We review the grant of summary judgment on appeal de novo. Howley v. Town of Stratford, 217 F.3d 141, 151 (2d Cir.2000). Summary judgment is appropriate when, after all evidence is construed in the light most favorable to the non-moving party, there is no genuine issue of material fact. June v. Town of Westfield, 370 F.3d 255, 257 (2d Cir.2004). To establish a claim of discrimination based on disability, a plaintiff must show that “(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered [an] adverse employment action because of his disability.” Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 63 (2d Cir.2003) (alteration in original).
The ADA bars covered entities from “diseriminat[ing] against a qualified individual on the basis of disability.” 42 U.S.C. § 12112. “Disability” under the ADA includes physical or mental impair- *631 merits that substantially limit one or more of an individual’s major life activities; an individual may also qualify as disabled when “regarded as” having such an impairment. Id. § 12102(1)(A), (C). Whether an individual is “regarded as” having a disability is a question of the employer’s intent; rather than whether the employee actually has a disability. Colwell v. Suffolk County Police Dep’t, 158 F.3d 635, 646 (2d Cir.1998). In order to prevail on a “regarded as” claim, a plaintiff must show that his employer regarded him as having an impairment that substantially limited a major life activity. Id. When the major life activity in question is working, the plaintiff must be perceived as unable to perform a “broad class of jobs.” Giordano v. City of New York, 274 F.3d 740, 749-50 (2d Cir.2001) (internal quotation marks omitted).
Hammond has failed to produce evidence to show that Keyspan regarded him as being disabled within the meaning of the ADA. Hammond has failed to show that his employer regarded him as suffering from alcoholism or as being unable to perform a broad class of jobs. Keyspan continued to employ Hammond after he violated the company’s drug policy in November 2001, and it rehired him pursuant to its standard procedure after his termination for the violation at issue, moving him to first class lineman after a year as a splicer. There is no evidence in the record that Hammond possessed or used alcohol during working hours on any occasion pri- or to May 18, 2005, nor has Hammond offered evidence suggesting that Keyspan regarded him as suffering from alcoholism at that time. Indeed, his supervisors permitted Hammond to remain in a safety-sensitive job during the period prior to May 18 and, in fact, they promoted him to foreman. Although Hammond alleges that manager Patrick Noonan informed supervisor Michael Abrams that “Mr. Hammond had a drug and alcohol abuse problem” prior to May 18, Appellant’s Br. 21, the deposition testimony cited by Hammond actually indicates that Noonan simply told Abrams that Hammond had violated the corporate alcohol and drug policy on a previous occasion, a true statement. Given the evidence produced, we therefore conclude that the district court did not err in dismissing Hammond’s ADA claim.
All arguments not otherwise discussed in this summary order are found to be moot or without merit.
For the foregoing reasons, the judgment of the district court is hereby affirmed.